# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARITO DELOS REYES QUINTOS,<br><br>　　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>DECISION ONE MORTGAGE COMPANY, LLC; MORTGAGE MATTERS, INC.; COUNTRYWIDE HOME LOAN, INC.; RECONTRUST, INC.,<br><br>　　　　　　　　　　　　　Defendants. | CASE NO. 08-CV-1757 JM (POR)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

　　　Plaintiff filed a Verified Complaint on September 24, 2008, alleging violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, and the Real Estate Settlement Procedures Act (RESPA), 26 U.S.C. § 2605. Accompanying the complaint was a motion for a temporary restraining order ("TRO"), requesting the court enjoin a non-judicial foreclosure sale of his property set for October 2, 2008. Proof of service accompanying Plaintiff's filing showed service was initiated by first-class mail on September 24, 2008.

　　　The Ninth Circuit has not articulated a specific test for temporary restraining orders. *Ali v. United States*, 932 F. Supp. 1206, 1208 (N.D. Cal. 1996). This court therefore uses the same tests applicable for preliminary injunctions. See *Superior Servs., Inc. v. Dalton*, 851 F. Supp. 381, 384 (S.D. Cal. 1994). Preliminary injunctive relief is available if the party meets one of two tests: (1) a combination of probable success and the

1  possibility of irreparable harm, or (2) the party raises serious questions and the balance of hardship
2  tips in its favor. <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F.2d 935, 937 (9th Cir. 1987).
3  "These two formulations represent two points on a sliding scale in which the required degree of
4  irreparable harm increases as the probability of success decreases." <u>Id.</u>  Under either formulation,
5  however, the party must demonstrate a "fair chance of success on the merits" and a "significant
6  threat of irreparable injury." <u>Id.</u>

7  Plaintiff fails to demonstrate a likelihood of success on the merits for his claims for a
8  fundamental reason - the claims are time-barred under the applicable statutes of limitations.

9  First, Plaintiff's claims relating to improper disclosures under TILA are subject to the one
10 year statute of limitations period of 15 U.S.C. §1640(e) (any claim under this provision must be
11 made "within one year from the date of the occurrence of the violation.").  The complaint alleges
12 Defendants violated TILA's disclosure rules by, among other things, failing to provide a copy of
13 the signed completed loan documents. Compl. ¶ 13-14.  While the court makes no findings with
14 respect to the timeliness of these damage-related claims, it appears that some or all of the claims
15 arising from the alleged disclosure deficiencies may be time barred as the alleged violations would
16 have occurred at the time the loan closed on August 15, 2005.

17 Likewise, any TILA claim for rescission must be brought within three years of
18 consummation of the transaction or prior to "the sale of the property, whichever occurs first." 15
19 U.S.C. §1635(f).  Plaintiff's right to rescind the transaction expired on August 15, 2008, three
20 years from the date he re-financed the loan.  Compl. ¶ 12.

21 Second, Plaintiff's RESPA claims appear to be time-barred under the applicable one-year
22 statute of limitations.  12 U.S.C. § 2614. Consequently, Plaintiff has failed to establish the
23 requisite likelihood of success on the merits and irreparable harm.

24 ///
25 ///
26 ///
27 ///
28 ///

1    In addition, service has not yet been effected on Defendants.  In light of the above,
2 Plaintiff's motion for a TRO is hereby **DENIED** without prejudice to further application based on
3 a stronger showing under the *Arcamuzi* test as well as a showing of personal service effected on
4 the defendants.
5    **IT IS SO ORDERED.**
6 DATED:  September 25, 2008
7                                                                 _____
                                                                   Hon. Jeffrey T. Miller
8                                                                  United States District Judge
9 cc:         All parties