# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARITO DELOS REYES QUINTOS,<br><br>                           Plaintiff,<br>   vs.<br><br>DECISION ONE MORTGAGE COMPANY, LLC; MORTGAGE MATTERS, INC.; COUNTRYWIDE HOME LOAN, INC.; RECONTRUST, INC.,<br><br>                         Defendants. | CASE NO. 08-CV-1757 JM (POR)<br><br>**ORDER DENYING REQUEST FOR RECONSIDERATION OF DENIAL OF TEMPORARY RESTRAINING ORDER** |

      Plaintiff filed a Verified Complaint on September 24, 2008 (Doc. No. 1), alleging violations of the Truth in Lending Act (TILA) (15 U.S.C. § 1601 *et seq.* and corresponding regulations), the Real Estate Settlement Procedures Act (RESPA; 26 U.S.C. § 2601 *et seq.*), and state law claims for breach of fiduciary duty and breach of covenant. Accompanying the complaint was a motion for a temporary restraining order ("TRO"; Doc. No. 2), requesting the court enjoin a non-judicial foresclosure sale of his property set for October 2, 2008. The motion was denied by court order on September 25, 2008. (Doc. No. 4.) At 4:02 p.m. on October 1, 2008, Plaintiff filed a Request for Reconsideration on the TRO issue (Doc. No. 7) attempting to prevent the foreclosure sale.

      Reconsideration of a court's pre-judgment order will not be granted "unless the District Court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" since the issuance of the court order. *Kona Enterprises, Inc. v. Estate*

1  *of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

2      Although the Plaintiff does provide new information to the court, there is no indication it was
3  discovered since the court's order was entered. (Doc. No. 7, Ex. A.) The order denying the TRO was
4  not in clear error, based on the facts presented (even taking the newly provided information into
5  account) and the relevant, applicable law. Plaintiff cites to one unpublished opinion from the New
6  York state court, *Wells Fargo Bank v. Reyes*, 2008 WL 2466257 (N.Y. Sup. 2008), and another from
7  the an Ohio federal district court, *In re Foreclosure Cases*, Case No. 07cv2282 (E.D. Ohio, Oct. 31,
8  2007), but fails to demonstrate why these rulings are applicable to the current dispute or controlling
9  over this court. (Doc. No. 2, Ex. A.) Finally, Plaintiff presents no evidence the controlling law has
10 changed since her TRO was denied.

11     In addition, according to the documents provided to the court, the foreclosure sale took place
12 October 2, 2008 at 10:00 a.m., making a TRO moot. (Mot. for TRO, Not. of Trustee's Sale.)

13     For the foregoing reasons, Plaintiff's request for reconsideration of the court's denial of a TRO
14 (Doc. No. 7) is hereby **DENIED**.

15     **IT IS SO ORDERED.**

16 DATED: October 3, 2008

17                                                        Hon. Jeffrey T. Miller
18                                                        United States District Judge

19 cc:         All parties