# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARITO DELOS REYES QUINTOS,<br><br>                                    Plaintiff,<br>       vs.<br><br>DECISION ONE MORTGAGE COMPANY, LLC; MORTGAGE MATTERS, INC.; COUNTRYWIDE HOME LOAN, INC.; RECONTRUST, INC.,<br><br>                                    Defendants. | CASE NO. 08-CV-1757 JM (POR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Doc. No. 11 |

Plaintiff Charito delos Reyes Quintos ("Plaintiff"), proceeding *pro se*, filed a Complaint on September 24, 2008 (Doc. No. 1) against Decision One Mortgage Company, LLC ("Decision One"), Mortgage Matters, Inc. ("Mortgage Matters"), Countrywide Home Loans, Inc. ("Countrywide"), and ReconTrust Co., N.A. ("ReconTrust"). (Doc. No. 1, "Complaint".) Accompanying the complaint was a motion for a temporary restraining order ("TRO"), requesting the court enjoin a non-judicial foresclosure sale of Plaintiff's property set for October 2, 2008. The TRO request was denied on September 25, 2008 (Doc. No. 4), and Plaintiff's subsequent motion for reconsideration (Doc. No. 7) was similarly denied on October 3, 2008 (Doc. No. 9). The foreclosure sale was postponed, and Plaintiff again sought a TRO (Doc. No. 15), which the court denied on November 17, 2008 (Doc. No. 16). Pending before the court is a motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), brought by Countrywide and ReconTrust (collectively, "Defendants"). (Doc. No. 11, "Motion".) No

1  other named defendants have yet been served in this action.  Plaintiff filed an untimely opposition
2  which failed to address most of the points made in Defendants' motion. (Doc. No. 21.) Defendants
3  entered several replies (Doc. Nos. 17, 18, 23).  Pursuant to Civil L.R. 7.1(d)(1), this matter was taken
4  under submission by the court on December 16, 2008. For the reasons set forth below, the court
5  **GRANTS** the motion to dismiss.
6  //

## I. BACKGROUND

According to the Complaint, Plaintiff owned property located at 6679 Chantecler Avenue, in San Diego, California. (Compl. ¶ 13.)  On August 15, 2005, Plaintiff obtained a mortgage from Decision One, secured by a Deed of Trust against the property.  (Compl. ¶¶ 12, 17; Mot. Exh. A.) Plaintiff alleges she was never given a copy of the signed loan documents nor was she informed about the mechanics of an adjustable interest rate mortgage and its inherent volatility. (Compl. ¶¶ 13-14.) Additionally, Plaintiff asserts Mortgage Matters received improper Yield Spread Fees for its participation in the transaction. (Compl. ¶¶ 15-16.)  After loan inception, the loan was transferred to Countrywide for loan servicing.  Beginning in July 2007, Plaintiff made no further payments on the loan. (Compl. ¶ 19.)  On August 1, 2008, Plaintiff received notice from ReconTrust her property would be subject to a foreclosure sale. (Compl. ¶ 20.)

Plaintiff asserts seven causes of action, for:   1) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; 2) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; 3) violations of the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1602 *et seq.*; 4) breach of fiduciary duty; 5) violation of TILA, 15 U.S.C. § 1635 and Regulation Z; 6) breach of covenant of good faith and fair dealing; and 7) declaratory relief under 28 U.S.C. § 2201 *et seq.* as to the parties' respective ownership and foreclosure rights.

//

## II. DISCUSSION

### A. Legal Standards

Rule 12(b)(6) dismissal is proper only in "extraordinary" cases. U.S. v. Redwood City, 640

F.2d 963, 966 (9th Cir. 1981). In evaluating a 12(b)(6) motion, the court must accept the complaint's allegations as true and construe them in the light most favorable to Plaintiff. See, e.g., Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S.Ct. 1710 (1996). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (allegations must provide "plausible grounds to infer" that plaintiff is entitled to relief). The court should grant 12(b)(6) relief only where the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Furthermore, under the "incorporation by reference" doctrine, the court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.), 183 F.3d 970, 986 (9th Cir. 1999) (internal quotation marks omitted).[1]

//

### B. First and Fifth Causes of Action for Violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*.

In her first cause of action, Plaintiff alleges Defendants violated the provisions of TILA as they "failed to validate and otherwise make a full accounting and required disclosures as to the true finance charges and fees, ... improperly retained funds belonging to Plaintiff, ... [and] failed to disclose the status of ownership of Plaintiff's loan." (Compl. ¶ 24.) In her fifth cause of action, Plaintiff contends Defendants failed to provide her with two TILA-compliant copies of a notice of the right to rescind. (Compl. ¶ 46.) Plaintiff seeks rescission of the mortgage loan and damages. (Compl. ¶¶ 24-27, 49.) Although Plaintiff also asks for punitive damages, such amounts are not available under TILA. See 15 U.S.C. § 1640(a) (plaintiffs may recover compensatory and statutory damages).

Plaintiff's claim for damages under TILA is subject to a one-year statute of limitations. 15 U.S.C. §1640(e) (any claim under this provision must be made "within one year from the date of the

---

[1] To this end, the court may consider the Deed of Trust and Notice of Right to Cancel provided by Defendants as Motion Exhibits A and B. (Mot. at 7:28-8:9, 9:26-27 and Req. for Jud. Notice.)

1  occurrence of the violation."). Plaintiff executed the loan documents "on or about August 15, 2005."
2  Compl. ¶ 5. The instant suit was not filed until September 24, 2008. Plaintiff's claim for monetary
3  damages is time-barred.

4        The Ninth Circuit has allowed equitable tolling of TILA civil damages claims only "in certain
5  circumstances," such as when a borrower might not have had a reasonable opportunity to discover the
6  nondisclosures within the one-year period. King v. California, 784 F.2d 910, 915 (9th Cir. 1986);
7  Nava v. VirtualBank, 2008 WL 2873406 at *3 (E.D. Cal. 2008). Courts have discretion to "adjust the
8  limitations period accordingly." Id. Although the determination "is not generally amenable to
9  resolution on a Rule 12(b)(6) motion," Plaintiff has not alleged any facts to warrant equitable tolling
10 of the statute of limitations in this case. Id.

11       For Plaintiff's claim for rescission, the applicable statute of limitations is three years, typically
12 running from the date of loan execution. See 15 U.S.C. § 1635(f). The prospect of equitable tolling
13 does not apply to rescission claims. See Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th
14 Cir. 2002). In her opposition, Plaintiff asserts she "will establish at trial or through discovery that she
15 timely gave notice of her intent to rescind the transaction." (Opp'n at 4:1-3.) However, this assertion
16 is undermined by Plaintiff's failure to allege any relevant facts to support this hypothesis even though
17 such facts would have been known to her before the limitations period expired. In addition, Plaintiff
18 even avers she "has a right to rescission for three years from the date of consummation of the loan."
19 (Compl. ¶ 47.) Plaintiff's rescission claim is therefore time-barred.

20       The procedural issues aside, Plaintiff's contention regarding Defendants' alleged failure to
21 disclose the loan ownership status is not actionable under TILA. Plaintiff devotes a significant portion
22 of her opposition to the idea that Defendants lacked standing to foreclose on her loan and cites to Cal.
23 Comm. Code § 3201 and an irrelevant and non-binding opinion of the New York Superior Court in
24 support. However, Cal. Civ. Code § 2924 outlines the requirements for nonjudicial foreclosures in
25 California, and does not include providing the original note prior to the sale. Additionally, under
26 California law, an "allegation that the trustee did not have the original note or had not received it is
27 insufficient to render the foreclosure proceeding invalid." Neal v. Juarez, 2007 WL 2140640
28 (S.D.Cal. July 23, 2007)(citing R.G. Hamilton Corp. v. Corum, 218 Cal. 92, 97 (1933) and Cal. Trust

1  Co. v. Smead Inv. Co., 6 Cal.App.2d 432, 435 (1935).  Finally, Plaintiff's suggestion she never
2  received notice of her right to rescind falters in light of the Notice of Right to Cancel, in which by her
3  signature she acknowledged receipt of the required copies.  (Mot. Exh. B.)  Under TILA, "written
4  acknowledgment of receipt of disclosures...by a person to whom information, forms, and a statement
5  is required to be given...create[s] a rebuttable presumption of delivery thereof."  15 U.S.C. § 1635(c).
6  Plaintiff's pleadings make no attempt to rebut the presumption.

//

### C. Second Cause of Action for Violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*.

Plaintiff alleges Defendants "placed loans for the purpose of unlawfully increasing and otherwise obtaining yield spread fees and amounts in excess of what would have been lawfully earned," in violation of RESPA.  (Compl. ¶ 30.)  In particular, Plaintiff asserts Mortgage Matters was paid a yield spread premium by Decision One.  (Compl. ¶ 16.)  Notably, Plaintiff makes no reference to any improper conduct by served defendants Countrywide or ReconTrust.  Plaintiff's allegations appear to be directed toward the RESPA rules regarding kick-backs, fee splitting, and unearned fees (Section 8).  12 U.S.C. § 2607.  To the extent Plaintiff's claim is asserted under Section 8, it is barred by the one-year statute of limitations applicable to private RESPA actions.  12 U.S.C. § 2614.

//

### D. Third Cause of Action for Violations of the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1602 *et seq*.

Plaintiff alleges Defendants' disclosure failures also amounted to violations of HOEPA. (Compl. ¶¶ 34-36.)  The HOEPA provisions only apply to mortgages "secured by the consumer's principal dwelling...if:

> (A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity...; or (b) the total points and fees payable by the consumer at or before closing will exceed the greater of: (i) 8 percent of the total loan amount; or (ii) $400.

15 U.S.C. § 1602(aa)(1).  As Defendants correctly note, HOEPA, as an amendment to TILA, is governed by the same one- and three-year statutes of limitations discussed above.  (Mot. at 6:1-5.) Because the present action was initiated more than three years after loan consummation, Plaintiff's

1  HOEPA claim fails.  In addition, the court notes Plaintiff makes no showing her loan qualified for
2  HOEPA's additional protections.
3  //

### E. Fourth Cause of Action for Breach of Fiduciary Duty, Sixth Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing, and Seventh Cause of Action for Declaratory Relief

Federal jurisdiction in this case is premised on the existence of a federal question.  See 28 U.S.C. § 1331.[2]  In addition to the federal claims discussed above, Plaintiff asserts two state-law claims and a claim for declaratory relief under 28 U.S.C. § 2201.  Because of the disposition of all other federal claims, *supra*, the court lacks jurisdiction to hear the remaining claims.  Plaintiff's federal claim for declaratory relief, by itself, does not support federal jurisdiction.  See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (on its own, Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide basis for federal jurisdiction).  Without original jurisdiction, the court may not exercise supplemental jurisdiction over Plaintiff's state-law claims.  28 U.S.C. § 1367(a).  Accordingly, the court declines to rule on Defendants' motion to dismiss in regard to these claims.
//

### F. Plaintiff's Request for Leave to Amend

In her opposition, Plaintiff asks the court to grant her leave to amend to file a First Amended Complaint.  (Opp'n at 4.)  Although leave to amend may not be warranted where a complaint can not be cured by amendment, such leave should be granted freely for *pro se* litigants.  See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998); Hernandez v. Denton, 861 F.2d 1421, 1423 (9th Cir. 1988).  Thus, the court **GRANTS** Plaintiff leave to amend, but notes Plaintiff must allege sufficient facts on one or more federal claims to support this court's jurisdiction over her case.
//

### III. Conclusion

For the reasons set forth above:

1) Defendants' motion to dismiss is **GRANTED** without prejudice and with leave to amend as to

---

[2] Plaintiff asserts she, Countrywide, and ReconTrust are all citizens of California. Thus, the court also lacks subject matter jurisdiction based on diversity. Compl. ¶¶ 3-4, 8-9; 28 U.S.C. § 1332.

1  Plaintiff's first cause of action for damages under TILA;

2  2) Defendants' motion to dismiss is **GRANTED** as to Plaintiff's first cause of action for rescission under TILA and as to Plaintiff's second, third, and fifth causes of action, which are **DISMISSED** with prejudice; and

3) Plaintiff's fourth, sixth, and seventh causes of action are **DISMISSED** without prejudice and with leave to amend.

Plaintiff shall file and serve a First Amended Complaint no later than 45 days from the date of entry of this order.

**IT IS SO ORDERED.**

DATED: December 29, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge